IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALIA SALEM AL-SABAH,<br><br>   Plaintiff,<br><br> v.<br><br>JEAN AGBODJOGBE, *et al.*,<br><br>   Defendants. | Civil Action No. 1:17-cv-730-ELH |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO MODIFY SCHEDULING ORDER**

Plaintiff Alia Salem Al-Sabah ("Ms. Al-Sabah"), by and through her undersigned counsel, hereby opposes the Motion to Modify Scheduling Order (ECF No. 67 and hereinafter, the "Motion") filed by Defendants Jean Agbodjogbe, Nandi A. Scott, N&A Kitchen, LLC, N&A Kitchen II, LLC, 9 Jewels, LLC ("9 Jewels"), 5722 York Road, LLC, and ASA Foundation, Inc. (together with Ms. Al-Sabah, the "Parties"), and states as follows:

**BACKGROUND**

Ms. Al-Sabah filed her complaint in this case on March 17, 2017. Ms. Al-Sabah alleges that she was swindled by Mr. Agbodjogbe out of millions of dollars. Mr. Agbodjogbe denies those allegations, but millions of dollars remain unaccounted for while mounting legal fees (on both sides) exacerbate the costs of the litigation to Plaintiff. On April 7, 2017, by way of filing a Stipulation to Extend time for Defendants to Answer (ECF No. 12.), the law firm of Levy, Mann, Caplan, Hermann & Polashuk, LLC—then already the third law firm to have represented Defendants in this dispute—entered its appearance on behalf of the Defendants. After Defendants filed their Answer on May 2, 2017, the Parties jointly submitted a Draft Scheduling Order the following day. (ECF No. 21.) This Court ultimately approved a revised version of the jointly

submitted scheduling order on May 25, 2017. (ECF No. 26.)  The final Scheduling Order sets October 27, 2017 as the deadline for fact discovery and states that it "**will not be changed except for good cause.**" (*Id.* at 1 & 3.)

Following the entry of the Scheduling Order, the Parties embarked on substantial discovery.  For example, prior to Defendants' retention of new counsel, Ms. Al-Sabah had responded to twenty-six (26) interrogatories and forty-four (44) individual requests for production of documents, and was preparing responses for thirteen (13) additional requests for production that are due on October 4, 2017. The Parties have exchanged several rounds of document productions and will likely exchange more documents before the current discovery deadline. Indeed, on September 26, 2017, Defendant 9 Jewels propounded—through its new counsel—an additional twenty-one (21) interrogatories and twenty (20) requests for production of documents, which will likely require further document productions. Similarly, this Court has also resolved several discovery motions filed by the Parties, including:  (1) Mr. Agbodjogbe's Motion to Compel Answers to Interrogatories (granted in part) (ECF No. 45.), and (2) Mr. Agbodjogbe's Amended Motion for Physical Examination (denied) (ECF No. 30.).[1]

Now, just over a month before the close of discovery, Defendants have newly retained their *fourth* set of attorneys to represent them in this case and ask the Court "to extend the unexpired deadlines set forth in the [Scheduling Order] by 120 days to allow sufficient time for new counsel to appropriately represent them in this matter." (Mot. ¶ 2.)  Defendants argue that, because "new counsel is just beginning to learn the facts, review documents, interview witnesses, prepare for depositions, serve subpoenas, and more fully develop [their] own litigation strategy, including but

---

[1] It is also worth noting that Defendants wasted considerable time and effort unsuccessfully opposing Plaintiff's routine request for the entry of a protective order in this case. (*See* ECF Nos. 42, 51 &59.)

not limited to, interviewing and retaining experts,"[2] the "Defendants have good cause for the need to extend the unexpired deadlines by 120 days." (*Id.* ¶¶ 3 & 8.) Defendants also posit that the requested extension "will not cause any prejudice to the Plaintiff as it should not cause Plaintiff to incur additional legal costs." (*Id.* ¶5.)

While Plaintiff appreciates the potential challenges faced by Defendants' new attorneys in getting up to speed on the case, it was Defendants who decided to retain new counsel at the eleventh hour of discovery, even though their prior counsel remain involved in the litigation on behalf of some of the Defendants.[3] As set forth more fully below, a party's voluntary change of counsel does not constitute the "good cause" necessary for modification of a Scheduling Order, and the Motion should, therefore, be denied.

## ARGUMENT

I. Defendants have not made the requisite showing of "good cause" for modification of the Scheduling Order.

The Scheduling Order states in the first paragraph, in bold print, that "[t]he schedule will not be changed except for good cause." (ECF No. 26 at 1.) The Scheduling Order's "good cause" requirement is not a mere formality that is easily cast aside, rather, it is a specific and strict requirement of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent."). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a ***party's*** diligent efforts." *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (emphasis added)

---

[2] The deadline for expert discovery in this case is February 23, 2018.
[3] Defendants' now-former counsel (insofar as the above-captioned matter is concerned), Mr. Polashuk, remains counsel of record in related proceedings pending in state court in New York involving one of the same multi-million-dollar assets and many of the same allegations advanced in the matter before this Court.

(quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997)).

Thus, the "good cause" requirement for modification of the Scheduling Order ensures that such orders are not treated as "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)); *accord Naughton v. Bankier*, 691 A.2d 712, 718 (Md. Ct. Spec. App. 1997) ("If scheduling orders are to be permitted to be treated in such a casual fashion, why bother with them?"). In sum, "a scheduling order represents 'the critical path chosen by the [Court] ***and the parties*** to fulfill the mandate of Rule 1 in securing the just, speedy, and inexpensive determination of every action." *Miller v. Transcend Servs.*, No. 1:10CV362, 2013 U.S. Dist. LEXIS 54789, at *13 (M.D.N.C. Apr. 16, 2013) (emphasis added).

Defendants assert that they "have good cause for the need to extend the unexpired deadlines by 120 days." (Mot. ¶ 8.) However, apart from the related, but inadequate, assertion that Defendants have retained new counsel in this case, Defendants offer no support for their assertion that "good cause" exists.  Indeed, prior to Defendants' retention of new counsel, Defendants' former counsel had agreed to party depositions occurring on October 10, 12 and 17.[4] Thus, as far as Defendants' former counsel was concerned, there was no additional discovery necessary to begin depositions, and there was no need to move the court-imposed discovery deadline. Defendants have not explained what additional discovery they need, and they have offered no explanation for why, in the four-month span since the Court's entry of the Scheduling order, Defendants have been unable to obtain that discovery.

---

[4] Mr. Agbodjogbe's deposition is scheduled for October 10, and Ms. Scott's deposition is scheduled for October 12.  Ms. Al-Sabah's deposition, previously scheduled for October 17, has been postponed at Defendants' request.

4

Instead, as mentioned above, Defendants' sole basis for their request for an extension of the discovery deadline is their recent retention of new counsel. In this connection, Defendants assert that their new counsel need four months to "learn the facts, review documents, interview witnesses, prepare for depositions, serve subpoenas, and more fully develop its own litigation strategy." (Mot. ¶ 3.) This, however, is an insufficient showing of cause, as "the entry of new counsel, standing alone, [does not] justify a finding of good cause." *Sall v. Bounassissi*, Civ. A. No. DKC 10-2245, 2011 U.S. Dist. LEXIS 75363, at *9 (D. Md. July 13, 2011); *accord Alston v. Becton, Dickinson & Co.*, No. 1:12CV452, 2014 U.S. Dist. LEXIS 11370, at *7 (M.D.N.C. Jan. 30, 2014) (quoting *Carlson v. Geneva City Sch. Dist.*, 277 F.R.D. 90, 96 (W.D.N.Y. 2011)) ("[A] delay [in the conduct of discovery] attributed to a change in counsel does not constitute good cause [for an extension of the discovery period] because new counsel is bound by the actions of their predecessors." *Cf. Drasovean v. Eaton Corp.*, Civ. A. No. DKC 11-1288, 2012 U.S. Dist. LEXIS 158486, at *5 (D. Md. Nov. 5, 2012) (quoting *Dent v. Montgomery Cnty. Police Dep't*, No. DKC 0800886, 2011 U.S. Dist. LEXIS 6511, at *2 (D. Md. Jan. 24, 2011)) ("It is well-established, however, that a party 'is not entitled to modification of the scheduling order because she is dissatisfied with the actions of her former counsel.'").

The Federal Rules of Civil Procedure provide that "***[p]arties*** may obtain discovery…" FED. R. CIV. P. 26(b) (emphasis added). However, "[t]here is no principle that each new ***attorney*** for a litigant must have an independent opportunity to conduct discovery. Shortcomings in counsel's work come to rest with the ***party*** represented." *Carson v. Bethlehem Steel Corp.*, 82 F.2d 157, 159 (7th Cir. 1996) (emphasis added); *accord Potomac Elec.*, 190 F.R.D. at 375 ("Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a ***party's*** diligent efforts.") (emphasis added) (citation omitted). In this case, Defendants voluntarily

changed counsel just over a month before the Scheduling Order's fact discovery deadline. It is true that Defendants' new counsel never agreed to the deadlines set forth in the Scheduling Order, but Defendants did. The Parties in this case agreed to a discovery schedule, and Plaintiff should not be forced to endure four additional months of discovery merely because Defendants, for unexplained reasons, elected to change horses (again) in midstream.

II.     Ms. Al-Sabah will be prejudiced by any modification of the Scheduling Order.

"For a trial court to permit a party to deviate [] from a scheduling order without a showing of good cause is, on its face, prejudicial and fundamentally unfair to opposing parties …" *Naughton*, 691 A.2d at 718. Notwithstanding the *de facto* prejudice that an unwarranted modification of the Scheduling Order would inflict on Plaintiff (*see id.*), the Motion should also be denied because it would *actually* prejudice Ms. Al-Sabah by forcing her to incur additional legal costs.

In the Motion, Defendants assert that "[t]he requested extension to the Scheduling Order will not cause any prejudice to the Plaintiff as it should not cause Plaintiff to incur additional legal costs." (Mot. ¶ 5.) However, unless Defendants intend to refrain from propounding additional discovery to Ms. Al-Sabah, taking additional depositions (other than those that are already scheduled), and filing more discovery motions during the four month period for which they have requested an extension—a fact that is belied by the suggestion in the Motion that Defendants' new counsel intend to seek "additional discovery" (*see* Mot. ¶ 4)—it is difficult to imagine how Ms. Al-Sabah would not incur additional legal costs during four additional months of discovery. It is common knowledge that discovery is often the most expensive aspect of litigation, and even a minor extension of the discovery deadline can be expensive. *See McCullough v. Branch Banking & Trust Co.*, 844 F. Supp. 258, 261 (E.D.N.C. 1993) (observing that discovery is the "most

expensive element of [] trial preparation"). Ms. Al-Sabah has already borne the costs of discovery in this matter, and should not be forced to incur the expense of four more months of discovery simply because Defendants voluntarily hired new counsel.

In particular, the expense of discovery thus far has been exacerbated by extraordinary motions practice initiated by Mr. Agbodjogbe and complicated by Mr. Agbodjogbe's spoliation or "loss" of important pieces of evidence. Most recently, Mr. Agbodjogbe supported by affidavit a motion to compel that he served but apparently will not be filing (after receiving Plaintiff's response in opposition). Mr. Agbodjogbe's affidavit contends, in support of what he regards as an element of his defense, that he was in a particular foreign country on a specific date, and he supported those assertions with "evidence" that included photos that he contends were taken of and/or by him at that location.[5] Plaintiff first requested many months ago copies of any such photos and of Mr. Agbodjogbe's passport/visa pages that would have revealed whether he was where he claims, and when. On **September 11, 2017**, weeks after the agreed date for a simultaneous production of the parties' respective documents, Mr. Agbodjogbe's then-counsel advised that Mr. Agbodjogbe claims that his passport was stolen on **July 26, 2017**. Plaintiff also served supplemental requests for production of documents again seeking the digital files associated with the photos served by Mr. Agbodjogbe as photocopies or PDFs. With those files due to be produced today, counsel has now advised that Mr. Agbodjogbe is unable to produce the digital files of the "photos" he produced for his own purposes just weeks ago, and Mr. Agbodjogbe claims that he is no longer in possession of the phone on which those photos were taken.

---

[5] Mr. Agbodjogbe's original responses to Plaintiff's document requests, served June 23, 2017, denied the existence of the photos that Mr. Agbodjogbe subsequently attached in support of his affidavit.

7

The discovery already underway is getting more expensive by the day as the evidence on which Mr. Agbodjogbe purports to rely when it suits him disappears with suspicious consistency when it comes time Plaintiff's counsel to receive and examine in any detail the best evidence available on the circumstances claimed by Defendants. An additional four months of discovery will surely be another four months of mischief-making by Mr. Agbodjogbe. There is no cause, let alone good cause, to facilitate that effort.

## **CONCLUSION**

Defendants cannot demonstrate the "good cause" required in support of the extension they seek. Their Motion to Modify Scheduling Order should be denied.

Dated: September 29, 2017                             /s/ Michael B. MacWilliams
Michael B. MacWilliams, Fed. Bar No. 23442
MBMacWilliams@Venable.com
Michael J. Wilson, Fed. Bar No. 18970
MJWilson@Venable.com
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
T: (410) 244-7400
F: (410) 244-7742

*Attorneys for Plaintiff Alia Salem Al-Sabah*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 29, 2017, true and correct copies of Plaintiff's Opposition to Defendants' Motion to Modify Scheduling Order and a [Proposed] Order were filed electronically through the Court's CM/ECF filing system and served on the following persons via CM/ECF:

>Jason M. St. John (Fed Bar No. 26384)
>Mark A. Simanowith (Fed. Bar No. 28654)
>Amanda Paige Webster (Fed. Bar. No. 19121)
>SAUL EWING ARNSTEIN & LEHR LLP
>500 East Pratt Street, 8th Floor
>Baltimore, Maryland 20202
>
>*Attorneys for Defendants*

           /s/ Michael J. Wilson