IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALIA SALEM AL-SABAH,      *

    *Plaintiff*,      *

    v.      *

         Civil Action No. ELH-17-730

JEAN AGBODJOGBE, *et al.*,      *

    *Defendants*.      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM**

This Memorandum addresses a motion for extension of the deadlines contained in a scheduling order, prompted by the entry of new counsel for defendants. Plaintiff's motion to strike is also pending.

### **I.    Factual Background**

On March 17, 2017, plaintiff Alia Salem Al-Sabah filed suit (ECF 1) against multiple defendants: Jean Agbodjogbe; Nandi Scott; N&A Kitchen LLC; N&A Kitchen II LLC; 5722 York Road LLC; 9 Jewels LLC; and ASA Foundation, Inc. Plaintiff alleges that defendants defrauded her of millions of dollars that she provided to them for investment purposes. *Id.* Through counsel, plaintiff agreed to several extensions of time for defendants to respond to the suit. *See, e.g.*, ECF 12; ECF 14; ECF 18. Defendants answered the suit on May 2, 2017. ECF 20.

On May 25, 2017, the Court approved the Scheduling Order. *See* ECF 26. Notably, the Scheduling Order states, ECF 26 at 1: **"The schedule will not be changed except for good cause."** (bold in original). Of relevance here, the Scheduling Order set a discovery deadline of October 27, 2017, as to matters concerning fact discovery, and a deadline of February 23, 2018,

for completion of discovery relating to experts. *Id.* at 3.

New counsel entered their appearance for defendants on September 21, 2017. *See* ECF 66. Then, on September 25, 2017, defense counsel filed a "Motion To Modify Scheduling Order." ECF 67 ("Motion"). In the Motion, defendants seek to extend by 120 days the remaining deadlines set forth in the Scheduling Order. ECF 67, ¶ 2. In particular, they seek to conclude fact discovery on February 23, 2018, claiming, *inter alia*, that counsel need time to educate themselves about the case. *Id.*, ¶ 3.

Plaintiff opposes the Motion (ECF 69, "Opposition"). In her Opposition, plaintiff asserts, among other things, that the newly retained attorneys are the "***fourth*** set of attorneys to represent" defendant in this case . . . ." (emphasis in original). However, the record reflects that defendants were previously represented by only one other law firm. *See also* ECF 70 at 4. In other words, the new defense lawyers are only the second set of attorneys for the defendants. In any event, plaintiff argues that the change in counsel does not constitute good cause for an extension of the deadlines set forth in the Scheduling Order. Defendants have replied. ECF 70 ("Reply"). Thereafter, plaintiff moved to strike the Reply. ECF 71 ("Motion to Strike").

No hearing is necessary to resolve the motions. Local Rule 105.6. For the reasons stated below, I shall grant the Motion (ECF 67) in part and deny it in part. Additionally, I shall deny plaintiff's Motion to Strike. ECF 71.

## II. Discussion

### A. Motion To Modify Scheduling Order

Scheduling orders serve a vital purpose in helping a court manage its civil caseload. *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985); *see also Naughton v. Bankier*, 14 Md. App. 641, 653, 691 A.2d 712, 718 (1997) (recognizing that a scheduling

2

order helps "to maximize judicial efficiency and minimize judicial inefficiency"). "In an era of burgeoning case loads and [crowded] dockets, effective case management has become an essential tool for handling civil litigation." *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45 (1st Cir. 2002) (alteration added). To that end, a scheduling order is an important vehicle in "'securing the just, speedy, and inexpensive determination of every action.'" *Miller v. Transcend Services, Inc.*, 10 CV 362, 2013 WL 1632335, at *4 (M.D.N.C. Apr. 16, 2013) (citation omitted).

Fed. R. Civ. P. 16 concerns scheduling and case management. The Rule "recognize[s] . . . that the parties will occasionally be unable to meet . . . deadlines [in a scheduling order] because scheduling order deadlines are established relatively early in the litigation." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004). Rule 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent."

Thus, Rule 16 focuses on good cause with respect to modification of a scheduling order. In regard to good cause, the "[p]rimary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant. Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'" *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (quoting *West Virginia Housing Dev. Fund v. Ocwen Techonlogy Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W. Va. 2001)); *see Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Clearly, "'the focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party is not diligent, the inquiries should end*.'" *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (emphasis added in *Marcum*). Under Rule 16(b), the court also considers whether the non-moving party would be prejudiced by any delay, the length of the

3

delay, and whether the movant acted in good faith. *Tawwaab v. Virginia Linen Serv., Inc.*, 729 F. Supp. 2d 757, 758-59 (D. Md. 2010).

Plaintiff insists that the change in counsel is "an insufficient showing" of good cause. ECF 69 at 5. Defendants counter that a change in counsel, under the circumstances attendant here, amounts to good cause. ECF 70 at 5-6. They explain that the time remaining to complete discovery is not sufficient to allow new counsel "to learn the facts, review documents, interview witnesses, prepare for depositions, serve subpoenas, and more fully develop its own litigation strategy including, but not limited to, interviewing and retaining experts." ECF 67, ¶ 3. Defendants also explain that the "request [for extension] was made immediately after obtaining new counsel." ECF 70 at 5. In addition, defendants claim that, in the absence of a modification of the Scheduling Order, they "will be required to conduct and defend depositions with minimal time to prepare and without the judicial discovery they intend to seek." ECF 67, ¶ 4. Further, they point out that this is the first request to extend the deadlines set forth in the Scheduling Order. ECF 67, ¶ 6; ECF 70 at 5. Moreover, defendants argue plaintiff will not be prejudiced because discovery is still pending and they "seek only to extend deadlines that have not yet passed." ECF 70 at 4.

To be sure, scheduling orders are more than "the paper upon which they are printed." *Naughton*, 114 Md. App. at 651, 691 A.2d at 718; *see also Faith v. Keefer*, 127 Md. App. 706, 733, 736 A.2d 422, 436 (1999) (interpreting a comparable Maryland Rule of Civil Procedure). The good cause requirement for modification of a scheduling order insures that a scheduling order is not regarded as a "'frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375-76 (quoting *Gestetner Corp.*, 108 F.R.D. at 141); *see also Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

Of course, the "entry of new counsel, standing alone," does not "justify a finding of good cause." *Sall v. Bouonassissi*, DKC-10-2245, 2011 WL 2791254, at *3 (D. Md. July 13, 2011). Moreover, "simple carelessness, inadvertence, or attorney error does not amount to good cause justifying a modification of the scheduling order." *Id.* (citation omitted); *see, e.g.*, *O'Connell*, 357 F.3d at 155; *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 121 (W.D. Pa. 2010). But, I discern "no hint of bad faith." *Sall*, 2011 WL 2791254 at *4. Nor is the delay "prohibitively long." *Id.* Indeed, the case was initiated in March 2017; it has not been pending for an inordinate period of time. Moreover, such extensions are quite common, and this is the first such request in a case that has been pending since March. Further, it is difficult to identify any actual prejudice to plaintiff from a reasonable extension.

Nevertheless, I see no basis for a four-month extension. That length of time is, in my view, unreasonable. Accordingly, I shall extend all deadlines in this case by 75 days.

### B. Motion to Strike

Plaintiff has moved to strike the Reply. *See* ECF 71. In her view, the Reply "seeks improperly to introduce new arguments and issues not raised in [the defense] motion." *Id.* at 1. According to plaintiff, the injection of new issues constitutes "an improper attempt to sandbag plaintiff with arguments omitted from Defendants' [M]otion." *Id.* at 2.

As I see it, defendants' arguments in the Reply are largely responsive plaintiff's Opposition. Although in some instances defendants amplify their original contentions, there is no basis to strike the Reply.

Fed. R. Civ. P. 12(f) governs motions to strike. Rule 12(f) provides, in part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

5

scandalous matter." *See, .e.g.*, *Haley Paint Co. v. E.I. du Pont de Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012). In determining whether to grant a motion to strike, the court "enjoys wide discretion . . . in order to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Id.* at 336.

"Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted); *see also Renaissance Greeting Cards, Inc. v. Dollar Tree Stores*, 227 Fed. App'x 239, 247 (4th Cir. 2007). Therefore, "[w]hen reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'" *Piontek v. Serv. Ctrs. Corp.*, PJM 10-1202, 2010 WL 4449419, at *8-9 (D. Md. Nov. 5, 2010) (citation omitted).

Rule 12(f) motions ordinarily "will be denied unless the matter under challenge has 'no possible relation to the controversy and may prejudice the other party.'" *U.S. ex rel. Ackley v. Int'l Bus. Machines Corp.*, 110 F. Supp. 2d 395, 406 (D. Md. 2000) (quoting *Steuart Inv. Co. v. Bauer Dredging Constr. Co.*, 323 F. Supp. 907, 909 (D. Md. 1971)); *accord Williams v. Kettler Mgmt. Inc.*, CCB-12-1226, 2014 WL 509474 (D. Md. Feb. 5, 2014); *E.E.O.C. v. Spoa, LLC*, CCB-13-1615, 2014 WL 47337 (D. Md. Jan. 3, 2014). In contrast, "'the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations, *i.e.*, those that improperly cast a derogatory light on someone.'" *Asher & Simons, P.A. v. J2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 702 (D. Md. 2013) (citation omitted), *partial reconsideration on other grounds*, 977 F. Supp. 2d 544 (D. Md. 2013). But, a motion to strike a defense "should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law." *NCUA v. First Union Capital Mtks. Corp.*, 189 F.R.D. 158, 163 (D. Md. 1999); *see Federal Ins.*

*Co. v. Edenbaum*, JKS-12-410, 2012 WL 2803739, at *2 (D. Md. July 9, 2012).

## III.　　Conclusion

For the reasons stated, I shall grant the Motion in part and deny it in part. And, I shall deny plaintiff's Motion to Strike.

The Court reminds both sides of Local Rule 606, titled "Civility." It recognizes that counsel are required "to conduct themselves in a professional and courteous manner in connection with all matters pending before the Court."

An Order follows.


Date:　October 5, 2017　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　　　　　United States District Judge