IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALIA SALEM AL-SABAH,

 *Plaintiff*,

 v.

JEAN AGBODJOGBE, *et al.*,

 *Defendants.*

Civil Action No. ELH-17-730

**MEMORANDUM**

Plaintiff Alia Salem Al-Sabah filed suit in March 2017 against multiple defendants, including Jean Agbodjogbe; Nandi Scott; N&A Kitchen, LLC; N&A Kitchen II, LLC; 5722 York Road, LLC; 9 Jewels, LLC; and ASA Foundation, Inc. ECF 1. She alleged, *inter alia*, that Mr. Agbodjogbe "orchestrated" a "scheme" by which he "misappropriate[d] millions of dollars entrusted to him" by plaintiff for "investment opportunities" and for charity. *Id.* at 3. In a nine-count Amended Complaint filed in November 2017 (ECF 76), plaintiff alleges claims of fraudulent misrepresentation (Count I); fraudulent concealment (Count II); conversion (Count III); civil conspiracy (Count IV); detrimental reliance (Count V); unjust enrichment (Count VI); breach of contract (Count VII); and breach of agency duties (Count VIII). *Id.* She also seeks a declaratory judgment (Count IX). *Id.*[1]

Thereafter, with the consent of plaintiff (ECF 77), Agbodjogbe moved to file a proposed Counterclaim (ECF 78, "Counterclaim"), along with a "Motion to Seal Defendant Jean Agbodjogbe's Counterclaim." ECF 79 (the "Motion"). No opposition has been filed, and the

---

[1] N&A Kitchen II, LLC is not identified as a defendant in the opening paragraph of the Amended Complaint. But, it is named in the "Parties" section of the Amended Complaint. *See* ECF 76 at 2, ¶ 6. Moreover, it was named in the original suit.

time to do so has expired.  *See* Local Rule 105.11.

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall deny Agbodjogbe's Motion.

**Discussion**

This case was referred to Magistrate Judge A. David Copperthite on July 5, 2017, for discovery matters.  ECF 29.  On August 7, 2017, with the consent of the parties, Judge Copperthite signed an "Order Regarding Confidentiality of Discovery Material."  ECF 65 (the "Order").  *See also* ECF 30; ECF 61.  In his Motion, Agbodjogbe argues that the proposed Counterclaim "contains confidential information," and that Judge Copperthite's Order of August 7, 2017 (ECF 65), requires the filing of the Counterclaim under seal.  ECF 79, ¶¶ 1, 2.  Agbodjogbe has not identified the information in the proposed Counterclaim that he believes is confidential.

The Order governs the confidentiality of discovery materials.  *See, e.g.*, ECF 65 at 1, ¶ 1.  However, the Order also contains a paragraph directed to confidential information that is to be filed with Court.  *Id.* ¶ 2.  Specifically, the Order states: "To the extent that . . . any pleading . . . disclosing [confidential information is] proposed to be filed or [is] filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c)" and "shall be governed by L.R. 105.11."  *Id.*

Local Rule 104.13(c) states:  "Any proposed confidentiality order shall include . . . (c) a provision that whenever materials subject to the confidentiality order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the Court record under seal, the party making such filing must simultaneously submit a motion and accompanying order pursuant to

L.R. 105.11 . . . ."

    Local Rule 105.11 states (emphasis added):

> Any motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) *proposed reasons supported by specific factual representations to justify the sealing* and (b) *an explanation why alternatives to sealing would not provide sufficient protection*. The Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials. Upon termination of the action, sealed materials will be disposed of in accordance with L.R. 113.

    Agbodjogbe has not provided the Court with "reasons supported by specific factual representations to justify sealing" the entirety of his proposed Counterclaim. *Id*.; *see also* ECF 79. As noted, Agbodjogbe merely states that the "Counterclaim contains confidential information." ECF 79, ¶ 3. Nor has Agbodjogbe provided the Court with any proposed alternative to sealing. *See* Local Rule 105.11; ECF 79. Put differently, Agbodjogbe has not even attempted to meet the minimum requirements of Local Rule 105.11.

    Of import here, the common law presumes the public and press have a qualified right to inspect all judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). The common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

The common law right of access is buttressed by a "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, but is more demanding of public disclosure. *Rushford*, 846 F.2d at 253. If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). "When presented with a sealing request, our right-of-access jurisprudence requires that a district court first 'determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'" *Doe*, 749 F.3d at 266 (4th Cir. 2014) (quoting *Stone*, 855 F.2d at 181).

The Court notes that the Counterclaim contains personal information that might be regarded as sensitive. However, Agbodjogbe's request to seal the entire proposed Counterclaim is overbroad. As noted, Agbodjogbe has not identified any particular portion of the document that requires sealing. *See* ECF 79; *see also* Local Rule 105.11.

For the foregoing reasons, the Motion is denied, without prejudice. However, the Court will continue the sealing of the Counterclaim, pending the submission of a proposed redacted version of the Counterclaim for filing on the public docket, due by January 3, 2018.

Date:   December 7, 2017                                            /s/
                                                            Ellen L. Hollander
                                                            United States District Judge