IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALIA SALEM AL-SABAH,
*Plaintiff*,

v.

JEAN AGBODJOGBE, *et al.*,
*Defendants*.

Civil Action No. ELH-17-730

# MEMORANDUM

On December 28, 2018, defendants' counsel, Jason M. St. John, Mark Simanowith, Jillian K. Walton, and the law firm of Saul Ewing Arnstein & Lehr LLP (collectively, "defendants' counsel"), moved for leave to withdraw as counsel for defendants Jean Agbodjogbe; Nandi Scott; N&A Kitchen, LLC; N&A Kitchen II, LLC; 5722 York Road, LLC; 9 Jewels, LLC; and ASA Foundation, Inc. ECF 132 (the "Motion"). That same day, the Court granted the Motion, provided, however, that by January 9, 2019, any defendant could move to rescind this Order as improvidently granted. ECF 134 (the "Order").

On January 7, 2019, Mr. Agbodjogbe so moved (ECF 136), asking the Court to rescind the Order and "not allow [his] counsel to withdraw from this case." *Id.* at 1. Mr. Agbodjogbe acknowledges that he owes counsel $141,000, but he maintains that he has paid defense counsel "hundreds of thousands" of dollars. Moreover, he claims that he is "entirely committed" to paying his legal bills in full. *Id.*

Agbodjogbe also maintains that he will be unfairly burdened by the withdrawal of counsel. A new attorney would require significant time to review the materials in this case and would charge a significant retainer to account for those costs. *Id.* He also correctly asserts that, without legal representation, the defendant entities will be in default. *Id.*

The Court ordered defendants' counsel to respond by January 22, 2019. ECF 137. In response (ECF 140), they maintain that they are entitled to withdraw from the case. According to defendants' counsel, they entered an engagement agreement (ECF 140-1) (the "Agreement") with defendants, who agreed "to make timely payment of fees and agreed to consent to the withdrawal of Counsel from the representation in this action if the defendants did not pay their fees in a timely manner." *Id.* at 2-3. Further, they state that defendants "have failed to substantially fulfill their obligations" under the Agreement because they "owe more than $140,000 to Counsel and have not made a payment in over three months." *Id.* at 3.

The Federal Rules of Civil Procedure do not regulate appearance of counsel, which is governed by local rules. In this Court, withdrawal of appearance by an attorney for an individual is governed by Local Rule 101.2.a, which provides:

> In the case of an individual, appearance of counsel may be withdrawn only with leave of Court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel. If the withdrawal of counsel's appearance is permitted, the Clerk shall notify the party that the party will be deemed to be proceeding *pro se* unless and until new counsel enters an appearance on behalf of the party.

Notably, Mr. Agbodjogbe does not contend that defendants' counsel failed to comply with Local Rule 101.2.a.

Although there is scant case law interpreting the local rule, the cases that do exist emphasize that withdrawal by an attorney is not a matter of right, but is subject to leave of court. *See Abbott v. Gordon*, Civ. No. DKC-09-0372, 2010 WL 4183334, at *1 (D. Md. Oct. 25, 2010) ("The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court."); *Lenoir v. Pyles*, 320 F. Supp. 2d 365 (D. Md. 2004) (denying local counsel's

motion to withdraw, where out-of-state lead counsel, who had been admitted *pro hac vice*, had been disbarred in his home jurisdiction, and stating: "Local Rule 101.2.a permits withdrawal of counsel *only* with leave of Court.") (emphasis in original); *Roberts v. County Comm'rs of Cecil County*, 906 F. Supp. 304 (D. Md. 1995) (denying motion to withdraw by appointed *pro bono* counsel representing indigent litigant in prisoner civil rights case).

In *Abbott*, Judge Chasanow opined that the Maryland Rules of Professional Conduct ("MRPC"), governing permissive withdrawal, "provide a benchmark for when withdrawal may be permitted." *Abbott*, 2010 WL 4183334, at *1.[1] The applicable provisions of the MRPC are found in Rule 1.16(b):

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
> (4) the client insists upon action or inaction that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists.

Comments 7 and 8 to Rule 1.16 are also relevant. They state:

> [7] A lawyer may withdraw from representation in some circumstances. The lawyer has the option to withdraw *if it can be accomplished without material adverse effect on the client's interests*. Withdrawal is also justified if the client persists in a course of action that the lawyer reasonably believes is criminal or fraudulent, for a lawyer is not required to be associated with such conduct even if the lawyer does not further it. Withdrawal is also permitted if the lawyer's services were misused in the past even if that would materially prejudice the

---

[1] Pursuant to Local Rules 703 and 704, the MRPC apply to lawyers practicing in this Court.

> client. The lawyer may also withdraw where the client insists on taking action or inaction that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement.
>
> [8] A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation.

(Emphasis added.).

In *Abbott*, the Court evaluated a motion to withdraw that was opposed by the attorneys' client. The attorneys contended that their withdrawal was "warranted because Plaintiffs have failed to pay for the services rendered and have made it clear they do not intend to pay in the future." *Abbott*, 2010 WL 4183334, at *2. Citing cases, the *Abbott* Court said: "Courts routinely permit attorney withdrawal where clients fail to pay fees in accordance with the terms of engagement." *Id.* Moreover, it stated: "Where a client's failure to pay fees is accompanied by other manifestations of deterioration in the attorney-client relationship," which was evident on the facts of *Abbott*, "the justification for withdrawal increases." *Id.* at *3. Nevertheless, the Court said: "In all cases, the court must still consider the potential prejudice to all parties involved and the potential disruption to the administration of justice from attorney withdrawal. If there is an impending trial or other key proceeding, failure to pay fees may not justify withdrawal." *Id.* In the circumstances of *Abbott*, where there were "no impending deadlines" and it was "clear that the attorney-client relationship ha[d] broken down," the Court permitted withdrawal. *Id.*

Here, by agreement, defendants promised to make timely payments and consented to counsel's withdrawal if counsel does not receive payment within 60 days of the invoice date. *See* ECF 140-1 at 4. However, as defendants concede, they owe defense counsel over $140,000 and are three months late on their payment. ECF 136 at 1. Therefore, they have "failed substantially" to fulfill their obligations under the Agreement. *Id.* 19-301.16(b)(5). Furthermore, because

defendants cannot pay off their debt at this time, additional representation would simply add to that debt and "result in an unreasonable financial" burden on defendants' counsel under Rule 19-301.16(b)(6).

Further, plaintiff is not unjustly prejudiced. Trial has not been set, and there are no impending deadlines. To the extent that defendants might incur "start up" costs with a new lawyer, such circumstances do not constitute prejudice because they result from the defendants' failure to pay legal fees and are thus "plainly self-inflicted." *See In re Franke*, 207 Md. App. 679, 695, 55 A.3d 713, 723 (2012) (finding that any prejudice the client suffered from withdrawal of counsel was "self-inflicted" because the client failed to pay attorney fees); *In re Cooper & Tuerk, LLP*, No. 607, 2018 WL 2714922, at *3, 10 (Md. Ct. Spec. App. June 5, 2018) (finding no prejudice where the client failed to pay attorney fees, and claimed that he did not have the time or money to acquire another attorney, because those circumstances were self-inflicted).

"All parties other than individuals must be represented by counsel." *Id.* Indeed, it "has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Roland v. Cal. Men's Colony*, 506 U.S. 194, 201 (1993). However, individuals, such as Mr. Agbodjogbe and Ms. Scott, can represent themselves in court. *See* Local Rule 101.1(a).

Local Rule 101.2(b) provides that, "[i]n the event that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or directing the party to show cause why a default should not be entered on claims asserted against it." The Rule is couched in permissive language. In my view, it establishes a 30-day "safe harbor" period that follows the filing of a

motion to withdraw, during which a corporate defendant may obtain new counsel. The entity defendants therefore must obtain counsel within this time frame to avoid default judgment being entered against them.

For the foregoing reasons, the Court shall not rescind its Order (ECF 134) permitting counsel to withdraw. However, I shall grant the entity defendants an additional 30 days to obtain new counsel. Additionally, the parties shall submit a status report to the Court by May 10, 2019.

An Order follows.

Date: April 3, 2019

/s/
Ellen L. Hollander
United States District Judge