THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALIA SALEM AL-SABAH
   *Plaintiff*,

v.

JEAN AGBODJOGBE, et al.
   *Defendants*.

Civil Action No. ELH-17-730

**MEMORANDUM**

In this fraud action, plaintiff Alia Salem Al-Sabah has filed suit against defendants Jean Agbodjogbe; his wife, Nandi A. Scott; and several corporate entities maintained exclusively by Agbodjogbe. The corporate defendants are N&A Kitchen, LLC; 5722 York Road, LLC; 9 Jewels, LLC; and ASA Foundation, Inc. ECF 1 (the "Complaint"). Stated generally, Al-Sabah claims that she gave Agbodjogbe nearly $6 million to pursue charitable endeavors in Baltimore, but he instead used the money to purchase and improve properties in his own name. *Id.* ¶ 1. This Memorandum concerns defendants' pursuit of sanctions against Al-Sabah for her alleged failure to preserve electronically stored information ("ESI"). ECF 147; ECF 149; ECF 154.

On June 19, 2019, defendants, pursuant to Fed. R. Civ. P. 37, filed a motion for the imposition of sanctions against plaintiff, alleging the spoliation of ESI. ECF 147 (the "Motion"). Defendants filed the Motion more than a year after the close of discovery, which ended on April 4, 2018. *See* ECF 92. In short, defendants argued that sanctions were appropriate because Al-Sabah failed to preserve four iPhone photographs of a draft operating agreement between Agbodjogbe and Al-Sabah creating N&A Kitchen, LLC, in which Agbodjogbe and Al-Sabah each had a fifty percent membership interest. ECF 147. The Motion was supported by two

exhibits. ECF 147-1; ECF 147-2. Plaintiff opposed the Motion (ECF 148), supported by ten exhibits. ECF 148-1 to 148-10.

On July 11, 2017, I referred the case to United States Magistrate Judge David Copperthite to manage discovery. ECF 33. In a letter to counsel docketed on July 24, 2019 (ECF 151), Judge Copperthite denied the Motion. He ruled: "The motion for sanctions ECF 147 is DENIED as untimely and violative of the Court's Scheduling Order. Even if considered timely, the Motion is DENIED on the merits as failing to provide any persuasive support that the missing photographs prejudiced the Defendant and that any lack of preservation by Plaintiff was negligent or intentional." *Id.* at 2.

On August 8, 2019, defendants filed an "Objection to The Magistrate Judge's July 24th, 2019 Order." ECF 154 (the "Objection"). Plaintiff opposed the Objection (ECF 155), supported by one exhibit. ECF 155-1. Further, plaintiff seeks attorney's fees and expenses under Fed. R. Civ. P. 37(a)(5)(B) and 28 U.S.C. § 1927 for the costs incurred in responding to defendants' Motion and Objection. ECF 155. Defendants have replied. ECF 156.

No hearing is necessary to resolve the Objection. *See* Local Rule 105(6). For the reasons that follow, I shall deny defendants' Objection. And, I shall grant in part and deny in part plaintiff's request for legal fees.

## I. Procedural Background

This Court entered a Scheduling Order on May 22, 2017. ECF 26. According to that Order, discovery was to conclude on October 27, 2017. *Id.* At the request of the parties, the Court extended the discovery deadline three times, ultimately setting a discovery deadline of April 4, 2018. *See* ECF 73; ECF 89; ECF 92.

The parties submitted a Joint Status Report on April 4, 2018. ECF 106. In the Report, the parties acknowledged that discovery was not complete due to several outstanding depositions. *Id.* at 1-2. At the time, defendants did not raise the issue of the photographs or accuse plaintiff of spoliation. *See id.*

On May 10, 2019, the parties filed another Joint Status Report. ECF 144. Here, the parties represented that discovery was complete and that "the Parties have no other matters that they wish to bring to the attention of the Court at this time." *Id.* at 3.

As noted, on June 19, 2019, defendants moved for the imposition of sanctions against plaintiff, pursuant to Fed. R. Civ. P. 37. ECF 147. According to defendants, Al-Sabah admitted during the course of her deposition on December 14, 2017, that she had taken four pictures of the draft N&A operating agreement on her iPhone. *Id.* at 4-6. In the following months, defendants repeatedly requested that plaintiff produce these images, to no avail. *Id.* at 8. As a result, defendants claimed to have undertaken "needless investigation and wasted resources and time" in attempting to obtain the photographs, and asserted that they had been "prejudiced by the conduct of the Plaintiff" because the "existence or non-existence of any said agreement is critical to the case[.]" *Id*. Defendants asked the Court to bar plaintiff from introducing any evidence "suggesting that the parties reached or entered into an agreement or mutual understanding." *Id.*

In response, Al-Sabah contended that the Motion should be denied as untimely, pointing out that defendants filed for sanctions more than fourteen months after discovery ended, and they provided no explanation for the delay. ECF 148 at 10-12. Plaintiff also argued that sanctions were not warranted because she had produced a fully executed copy of the operating agreement. *Id.* at 12-13; *see* ECF 148-4. Finally, plaintiff asserted that the Motion failed to demonstrate that she acted in bad faith or that defendants were prejudiced by the absence of electronic versions of

the photographs, especially given that plaintiff had produced the contested images in PDF format. *Id.* at 13-15.

As noted, Judge Copperthite denied the Motion (ECF 147) on July 24, 2019. ECF 151. In reaching his decision, Judge Copperthite first concluded that defendants' Motion was untimely. *Id.* at 1. He reasoned, *id.*:

> Discovery closed over a year ago. District courts exercise broad discretion over discovery issues. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016) (citing *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402-03 (4th Cir. 2003)). A court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375-76 (D. Md. 1999) (internal quotations omitted). Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Id. at 375 (internal quotations omitted). Defendant was on notice from April, 2018 that the four photographs were no longer on the cell phone of Plaintiff. Plaintiff propounded additional discovery specifically inquiring about the loss of the photos in April 2018 (ECF 148-p.8). Defendant had ample opportunity to raise the issue before the Court before the close of discovery or even when providing the status report to the Court. Defendant did not. Defendant has failed to provide good cause why his dilatory motion is now before the Court.

Further, Judge Copperthite observed that even if the Motion was timely, it was nonetheless "frivolous." ECF 151 at 2. He explained, *id.*:

> Defendant contends, without any real explanation, that he was prejudiced by the loss of the 4 photographs of the draft documents. What is missing from Defendant's motion but does not appear to be contested, is that Plaintiff did in fact produce the executed operating agreement. Defendant paints a picture for the Court that these missing photos are the only evidence of any agreement between the parties. In opposition, Plaintiff points out that she produced a fully executed Operating Agreement and N&A Member Agreement after her deposition testimony (ECF 148 p.3.). Defendant does not say how he was prejudiced by the failure to produce 4 photos taken on an iPhone at least a year prior to this litigation, or that Plaintiff was required to maintain those photographs, when the actual agreement signed by Defendant has been produced.

Thus, Judge Copperthite concluded that defendants' contention that they were prejudiced by spoliation of ESI was "completely lacking in support." *Id.*

Fifteen days later, defendants filed the instant Objection. ECF 154. Plaintiff has replied and now asks the Court to deny the Objection, and to order defendants to pay all associated expenses and legal fees incurred by plaintiff in responding to the Motion and to the Objection. ECF 155 at 7.

## II. Discussion

### A.

Fed. R. Civ. P. 72(a) provides that, within fourteen days, a party may object to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. *Id.*; see 28 U.S.C. § 636(b)(1)(A); Local Rule 301.5(a); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va. 2008). Rule 72(a) provides that the district court should only overrule the magistrate judge if the contested order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002).

"Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010) (citations omitted). "It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan*, 206 F.R.D. at 124. Indeed, "[I]t is extremely difficult to justify alteration of the magistrate judge' nondispositive actions by the

district judge." C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE CIVIL, § 3069 (2d ed.).

Defendants object to Judge Copperthite's denial of their motion seeking sanctions for the spoliation of ESI. "Spoliation is 'the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 505 (D. Md. 2009) (quoting *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 100 (D. Md. 2003)). Sanctions for the spoliation of ESI are governed by Fed. R. Civ. P. 37. Rule 37(e) states:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> > (A) presume that the lost information was unfavorable to the party;
> >
> > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> >
> > (C) dismiss the action or enter a default judgment.

"Courts have broad discretion when deciding whether to impose sanctions" under Rule 37(e). *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 327 F.R.D. 96, 103 (E.D. Va. 2018) (citing *Turner v. United States*, 736 F.3d 274, 281 (4th Cir. 2013)).

Rule 37 does not contain a statute of limitations. *See Goodman*, 632 F. Supp. 2d at 506. However, that does not license litigants to seek sanctions long after discovery has closed. As Judge Grimm explained in *Goodman*, courts consider "a number of factors that can be used to assess the timeliness of spoliation motions," including: (1) "how long after the close of discovery

the relevant spoliation motion has been made"; (2) "the temporal proximity between a spoliation motion and motions for summary judgment"; (3) whether the "spoliation motion [was] made on the eve of trial"; and (4) "the explanation of the moving party as to why the motion was not filed earlier should be considered." *Id.* at 506-08 (internal quotation marks and citations omitted). Further, Judge Grimm explained that, given the fact-intensive nature of a spoliation issue, "[c]ourts are justifiably unsympathetic to litigants who, because of inattention, neglect, or purposeful delay aimed at achieving an unwarranted tactical advantage, attempt to reargue a substantive issue already ruled on by the court through the guise of a spoliation motion, or use such a motion to try to reopen or prolong discovery beyond the time allotted in the pretrial order." *Id.* at 508; *see id.* n.6 (collecting cases).

*Goodman* is instructive on this front. There, the self-represented plaintiff filed for spoliation sanctions more than five months after the close of discovery. The court rejected the motion as untimely because plaintiff "offered no satisfactory explanation why he could not have filed his Motion much earlier, which is particularly egregious given the fact that he clearly was aware of the grounds for his Motion months before he filed it[.]" *Id.* at 509.

I find no defect in Judge Copperthite's conclusion that defendants' Motion was untimely. Looking to the factors identified in *Goodman*, Judge Copperthite's ruling was eminently sound.

Defendants moved for sanctions on June 19, 2019—fourteen months after the close of discovery (ECF 92), and one month after the parties stated in the May 10, 2019 Joint Status Report that there were "no other matters that they wish to bring to the attention of the Court at this time." ECF 144 at 3. Further, the Motion was filed more than one month after the April 30,

2019, deadline for the filing dispositive motions. *See* ECF 92. Most significantly, defendants gave no explanation for their tardiness.

Indeed, as plaintiff pointed out to Judge Copperthite, defendants had long known about the iPhone photos. ECF 148 at 7-8. Plaintiff discussed the photos during her deposition on December 14, 2017, and defendants propounded interrogatories regarding the photos in April of 2018. *Id.*; *see* ECF 148-10. Thus, defendants were fully apprised of the issue long before they brought it to the Court's attention. Accordingly, Judge Copperthite did not err in denying the Motion as untimely filed.

There is likewise no basis to reverse Judge Copperthite's conclusion that the Motion failed on the merits. As noted, under Rule 37(e)(1), "upon finding prejudice to another party from loss of the information," the Court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). "Spoliation of evidence causes prejudice when, as a result of the spoliation, the party claiming spoliation cannot present 'evidence essential to its underlying claim.'" *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 522-23 (D. Md. 2010) (citation omitted).

Here, the Motion does not explain how defendants were prejudiced by the loss of the electronic version of the photos depicting the draft agreement, given that they possess PDF versions and, more important, the executed agreement itself. Instead, it contains only the single, bald assertion that "the prejudice sustained" to defendants was "substantial." ECF 147 at 12. In light of the paucity of evidence—or even factual averments—that defendants would suffer prejudice due to the loss of the iPhone images, Judge Copperthite did not err in ruling that defendants had not satisfied their burden under Rule 37(e).

Defendants' arguments before this Court hardly move the needle. Defendants assert that Judge Copperthite "overlooked . . . both the short period of time that elapsed between defense Counsel's entry into the case and the filing of the Motion for Sanctions, approximately fifty-seven (57) days, particularly given the extensive nature of this litigation." ECF 154 at 7. Further, defendants protest that Judge Copperthite ruled on the Motion before they could supplement their pleadings, as they were given leave to do by this Court in an Order dated July 17, 2019. *Id.* at 6-7 (citing ECF 150). In their view, Judge Copperthite's ruling denied them "notice or opportunity to be heard" and "had the effect of nullifying" this Court's Order. *Id.* at 7.

These complaints are wholly tangential to Judge Copperthite's reasoning. Defendants' supplemental pleadings could not have cured their tardiness. Nor could those materials establish prejudice. As Judge Copperthite observed, the iPhone images are of little relevance in light of the executed N&A operating agreement. ECF 151 at 2. And, in any event, plaintiff has already produced the iPhone images, albeit in a form different from what defendants would prefer. *See* ECF 148-5. In sum, defendants' Objection offers no justification to set aside Judge Copperthite's ruling.

**B.**

I now consider plaintiff's request for attorney's fees and expenses incurred in defending the Motion and Objection. ECF 155 at 1, 7.

Fed. R. Civ. P. 37(a)(5) governs the payment of expenses related to motions to compel discovery. As relevant here, Rule 37(a)(5) provides:

> (B) *If the Motion is Denied*. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not

order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

"A motion is substantially justified if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Hare v. Comcast Cable Commc'n Mgmt., LLC*, 564 F. App'x 23, 24 (4th Cir. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66 n.2 (1988)); *see also CoStar Realty Info., Inc. v. Field*, 737 F. Supp. 2d 496, 515 (D. Md. 2010) ("An individual's conduct is found to be 'substantially justified' if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" (citation omitted)).

Plaintiff contends that defendants' efforts to obtain spoliation sanctions were unjustified. Plaintiff emphasizes that Judge Copperthite found the Motion "'frivolous.'" ECF 155 at 4 (quoting ECF 151 at 1). And, according to plaintiff, the Objection fares no better. Plaintiff notes that she repeatedly pressed defendants' counsel to withdraw the Objection, pointing out its numerous flaws, including its reference to Local Rule 27, a rule that does not exist; the inapplicability of 28 U.S.C. § 636(b)(1)(C), which it cites; and its inaccurate description of *Turner v. United States*, 736 F.3d 274 (4th Cir. 2013). ECF 155-1 (citing ECF 154). Plaintiff also insists that the Objection's failure to "to identify even a modicum of actual prejudice" confirms that defendants acted without justification. ECF 155 at 5.

Indeed, plaintiff contends fees are warranted under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Plaintiff acknowledges that bad faith on the part of the attorney is a precondition for imposing fees under § 1927. ECF 155 at 5 (citing *McKenzie v. Norfolk S. Ry.*, 497 F. App'x 305 (4th Cir. 2012)). But, plaintiff avers that this standard is met,

based on "counsel's failure even to attempt to describe in Defendants' Objection the claimed prejudice," especially "in the face of Judge Copperthite's order highlighting its absence[.]" *Id.* Defendants did not address plaintiff's arguments in their reply to their Objection. *See* ECF 156.

I decline to award attorney's fees and costs for plaintiff's defense of defendants' initial efforts (ECF 147) to obtain spoliation sanctions. Given Al-Sabah's admission during her deposition that she had retained the images electronically, defendants had a reasonable basis in law and fact to pursue sanctions due to plaintiff's failure to produce the phone.

Defendants' Objection (ECF 151) is another matter, however. Judge Copperthite denied the motion both because it was untimely and because it was "frivolous" on the merits. ECF 151. To be sure, defendants had the right to seek review of that ruling in this Court. Fed. R. Civ. P. 72(a). But exercising that right comes with consequences. Defendants' failure to address Judge Copperthite's conclusions demonstrate that the Objection is without "substantial justification." Fed. R. Civ. P. 37(a)(5)(B). Nor are there "other circumstances" that would "make the award of expenses unjust." *Id.* However, while lacking in merit, I cannot say that the Objection rises to the level of acting "'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Kilborn v. Bakhir*, 70 F. App'x 692, 693 (4th Cir. 2003) (per curiam) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991)). Thus, I decline to impose sanctions under 28 U.S.C. § 1927.

Accordingly, the Court shall order that defendants pay plaintiff's attorney's fees and costs associated with preparing, filing, and responding to the Objection (ECF 154). Within twenty-one days from the date of this Memorandum and accompanying Order, plaintiff's counsel shall submit a request for attorney's fees, limited to litigation of the Objection, and in conformance with the criteria in Local Rule 109.2(b).

### III. Conclusion

For the reasons stated above, I shall DENY the Objection (ECF 154). And, I will DENY in part and GRANT in part plaintiff's request for attorney's fees and costs.

An Order follows, consistent with this Memorandum.

Date: September 17, 2019          _____/s/_____
                                                        Ellen L. Hollander