# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALIA SALEM AL-SABAH, | * |
| Plaintiff, | * |
| v. | * Civil Case No. SAG-17-730 |
| JEAN AGBODJOGBE, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The parties came before the Court for a Pretrial Conference on Friday, January 10, 2020. Before the conference, on December 18, 2019, the parties submitted a Proposed Pretrial Order under seal. ECF 198.[1] In a proposed pretrial order, each party must provide "[t]he details of the damages claimed or any other relief sought as of the date of the pretrial conference." Loc. R. 106.2(g) (D. Md. 2018). Defendant/Counter-Plaintiff Jean Agbodjogbe ("Agbodjogbe") filed a Counterclaim against Plaintiff in this case. *See* ECF 78 (sealed Counterclaim); ECF 85 (redacted Counterclaim). Agbodjogbe's statement of damages in the Proposed Pretrial Order is as follows: "Defendants [sic] have [sic] not provided their [sic] position on the issue of damages. The Defendants [sic] reserve [sic] the right to supplement his response as to the damages he has incurred as the result of the Plaintiff's conduct." ECF 198 at 23. The night before the Pretrial Conference, Agbodjogbe filed a document containing his damages calculations. ECF 205. Notwithstanding, for the reasons that follow, and for the reasons stated on the record during the

---

[1] While the entirety of the Proposed Pretrial Order is sealed, the parties have conferred and provided the Court with proposed redactions to the Proposed Pretrial Order that will allow the final version to be filed on the public docket. None of the information contained herein is subject to redaction.

1

Pretrial Conference, the Court will impose sanctions *sua sponte*, and will bar Agbodjogbe from presenting any evidence on the issue of damages on his Counterclaim.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) states that "a party must, without awaiting a discovery request," disclose to other parties "a computation of each category of damages claimed," and must make available any and all documentation supporting those calculations. Further, Rule 26(e) imposes a duty on the parties to supplement previous discovery disclosures if new information arises that renders the previous disclosure "incomplete or incorrect." At the Pretrial Conference, Plaintiff informed the Court, and Agbodjogbe conceded, that Agbodjogbe's January 9, 2020 filing was the first time in this case that he disclosed his damages to Plaintiff. Rule 26(a) plainly required that that information be disclosed much earlier in the litigation than now.

Rule 37(c)(1) specifically addresses the appropriate sanction should a party fail to disclose required information. The Rule states that if a party fails to make a disclosure required by Rule 26(a) or (3), then "the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." The Fourth Circuit, citing Rule 37's advisory committee notes, characterize the sanction prescribed as an "automatic sanction," one that "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 n.2 (4th Cir. 2003).

Before imposing this "automatic sanction," the Court must find that the failure to disclose was neither "substantially justified" nor "harmless." *See* R. 37(c)(1). In making this determination, the Fourth Circuit instructs courts to utilize a five-factor test:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the

evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States*, 318 F.3d at 597. While Rule 37(c)(1) is characterized as an "automatic sanction," ultimately, the imposition of sanctions rests in this Court's discretion. *E.g.*, *United States v. Hastings*, 126 F.3d 310, 316 (4th Cir. 1997).

Here, consideration of the five factors demonstrates that there was no substantial justification for Agbodjogbe's failure to disclose his damages calculation during discovery, and that failure was not harmless. First, the surprise to Plaintiff/Counter-Defendant Al-Sabah is clear, given that Counter-Plaintiff Agbodjogbe's approximately $4.5 million calculation is not evident from his Counterclaim. Indeed, the Counterclaim speaks only in terms of amounts "to be determined at trial," and the amount of "services rendered" to Al-Sabah. ECF 78, ¶¶ 56, 62, 68. Second, that surprise cannot be cured. Agbodjogbe made this disclosure with only eleven days left until trial; there is nothing he could do to cure the surprise to Plaintiff. The third factor cuts in Agbodjogbe's favor, as trial would not be disrupted by the introduction of damages evidence, since trial has not yet begun. *See Southern States*, 318 F.3d at 598-99 (finding that an expert's opinion would disrupt an already ongoing trial because "witnesses from distant places" had already testified, and would render the parties' trial preparation "obsolete").

The fourth factor also cuts in Agbodjogbe's favor, though only marginally. While evidence of his damages is unquestionably important to him, Agbodjogbe's proposed damages calculations undercut this proposition in multiple ways. First, his claim for lost personal wages would require expert testimony, because knowledge of what a real estate investor's services are worth is the type of specialized knowledge that requires satisfaction of Federal Rule of Evidence 702's predicates.

However, Agbodjogbe has not designated any expert witness.[2] *See* ECF 198 at 31. Second, Agbodjogbe claims as damages the rental value of 306 North Howard Street property and the New York condominium apartment, as well as the New York apartment's related condominium fees, from 2017 to 2019. ECF 205-1 at 1. These are not proper measures of damages for his negligent misrepresentation, unjust enrichment, and *quantum meruit* claims, which seek damages for the value of Agbodjogbe's past real estate investment services, and for the *future* value of those properties that he believes Plaintiff is unlawfully trying to take from him.[3] Lastly, Agbodjogbe makes no request in his Counterclaim for an attorneys' fees award. *See* ECF 78, ¶¶ 50-68. All of these factors diminish the importance of Agbodjogbe's evidence supporting his damages claims.

The final factor is Agbodjogbe's explanation for his failure to disclose. At the Pretrial Conference, Agbodjogbe's current counsel explained that they had not entered an appearance in this case until the later stages of the litigation, and that Agbodjogbe should not be punished for his prior counsel's shortcomings. The Court understands that Agbodjogbe's current counsel did not enter their appearances until April, 2019 (Mr. Sweeting) and October, 2019 (Mr. White). ECF

---

[2] Moreover, it is unclear that Agbodjogbe's claim for "lost wages" bears any relationship to the value of his services provided to Plaintiff, as he suggests his value to represent the wages "that he would have otherwise accrued had he not been working on these projects [for Plaintiff]." ECF 205-1 at 1.

[3] In fact, it does not appear that any of the damage categories Agbodjogbe lists in Exhibit A, ECF 205-1 at 1-2, are relevant to the appropriate measure of damages for Counts II and III of his Counterclaim, unjust enrichment and *quantum meruit*. Maryland law recognizes that for both an unjust enrichment claim and a *quantum meruit* claim that seeks to establish an implied-in-law contract, the measure of damages is the same – "the gain to the [counter-]defendant, not the loss by the [counter-]plaintiff." *Mogavero v. Silverstein*, 142 Md. App. 259, 276 (2002) (quoting *Berry & Gould v. Berry*, 360 Md. 142, 151 (2000)). Further, the damages for a *quantum meruit* claim seeking to establish an implied-in-fact contract, the measure of damages is "the reasonable value of the [counter-]plaintiff's services." *Id.* at 281. Agbodjogbe's definition of lost wages, *see supra* n.2, the fair market rental value of properties for past years, lost business revenue, and attorneys' fees do not appear to comport with these governing legal principles.

143; ECF 164. Fact discovery was already completed, ECF 133, ¶ 4, and the deadline for making Rule 26(e) supplementary disclosures had already passed, *see* ECF 92 at 1. This does not, however, excuse Agbodjogbe's failure to disclose his damages calculations until now. In May, 2019, after Mr. Sweeting made his appearance in this case, the parties requested a trial date sometime after October, 2019, "to ensure that Defendants' new counsel ha[d] sufficient time to familiarize himself with this case." ECF 144, ¶ E. While the Court recognizes the vast increase in Defendants' counsels' workloads in needing to become familiar with all of the facts and issues for a lengthy trial, counsel should have recognized at some point before the eve of trial that Mr. Agbodjogbe had not made any of his required damages disclosures.

In sum, the five *Southern States* factors compel a finding that Agbodjogbe must be barred from presenting evidence on the issue of damages on his Counterclaim. Though Agbodjogbe's evidence on damages has some marginal importance and would not disrupt an ongoing trial, the incurable and prejudicial surprise to Plaintiff, coupled with an unpersuasive explanation for the delay, demonstrate that such a sanction is warranted. For these reasons, and for those stated on the record during the Pretrial Conference, this Court will impose sanctions pursuant to Rule 37(c)(1) and will bar Agbodjogbe from presenting evidence on the issue of damages on his Counterclaim. A separate implementing Order follows.

Dated: January 13, 2020                                /s/
                                                                                  Stephanie A. Gallagher
                                                                                  United States District Judge