IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALIA SALEM AL-SABAH, *
*
Plaintiff, *
*
v. * Civil Case No. SAG-17-730
*
JEAN AGBODJOGBE, *et al.*, *
*
Defendants. *
*

* * * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Alia Salem Al-Sabah ("Al-Sabah") filed a nine-count Amended Complaint against Defendants Jean Agbodjogbe ("Agbodjogbe"), Nandi Scott ("Scott"), N&A Kitchen, LLC ("N&A Kitchen"), N&A Kitchen II, LLC ("N&A Kitchen II"), 5722 York Road, LLC ("5722 York Road"), 9 Jewels, LLC ("9 Jewels"), and ASA Foundation, Inc. ("ASA Foundation"). ECF 76.[1] On January 3, 2018, Defendant Agbodjogbe filed a Counterclaim against Al-Sabah. ECF 85; *see* ECF 78 (sealed Counterclaim). Agbodjogbe's Counterclaim asserts that Al-Sabah is liable to him for damages under three legal theories: negligent misrepresentation; unjust enrichment; and *quantum meruit*. ECF 85, ¶¶ 51-68. Trial is set to begin on January 21, 2020. ECF 172. Upon the Court's invitation, ECF 212, Al-Sabah has filed a Motion for Summary Judgment on the Counterclaim, and an accompanying Memorandum of Law, ECF 216, 216-1 (collectively, "the Motion"). Agbodjogbe filed an untimely Opposition, ECF 218-1, which the Court excused, ECF 221. Al-Sabah timely replied. ECF 222. For the reasons that follow, Al-Sabah's Motion will be granted in part and denied in part.

---

[1] Plaintiff intends to abandon Count V of the Amended Complaint, as well as all claims for relief asserted against Defendant ASA Foundation. ECF 198 at 17 (Proposed Pretrial Order).

1

## I. FACTUAL BACKGROUND

An extensive factual summary is unnecessary, as Plaintiff's Motion raises purely legal questions. Al-Sabah alleges that Agbodjogbe engaged in a "fraudulent scheme to misappropriate millions of dollars from [Al-Sabah] while purporting to facilitate her personal investments and charitable endeavors." ECF 76, ¶ 22. Essentially, Al-Sabah alleges that she directed Agbodjogbe to use certain portions of her money for various real estate "investment" opportunities, which would allow her to raise more money for charitable causes. *Id.* ¶¶ 23-41. Now, however, she claims that Agbodjogbe has wrongfully taken title to those investment properties and liquified their value through cash-out mortgages, leaving her deprived of over $7 million. *See id.* ¶¶ 29-32, 92-93.

Conversely, Agbodjogbe claims that Al-Sabah's money transfers to him were gifts, and that he was the rightful owner of all the investment properties at issue. ECF 86, ¶¶ 12, 19-20, 27, 32, 41-42. He seeks a damages award, in an unspecified amount, for the value of the assets that will be "stripped" away from him based upon Al-Sabah's alleged negligent misrepresentation, as well as the reasonable value of the investment services he provided to Al-Sabah under unjust enrichment and *quantum meruit* theories. *Id.* ¶¶ 56, 62, 68.

Plaintiff's Motion arises in an atypical posture. The parties appeared before the Court for a Pretrial Conference on January 10, 2020. ECF 207. Before the Pretrial Conference, the Court expressed grave concern over Agbodjogbe's portion of the Proposed Pretrial Order, which did not include any itemization of the damages he sought under the claims asserted in his Counterclaim. ECF 203 at 1; *see* ECF 198 at 23. At the Pretrial Conference, Al-Sabah's counsel informed the Court, and Agbodjogbe's counsel conceded, that during discovery, Agbodjogbe never disclosed an itemization of the damages he claims he suffered, as Federal Rule of Civil

Procedure 26(a)(1) requires. ECF 210 at 2. The Court, by separate Memorandum Opinion and Order, sanctioned Agbodjogbe pursuant to Rule 37(c)(1) for this failure, and precluded him from offering any evidence on the issue of damages at trial. *Id.* at 2-5; ECF 211.

Because of myriad other trial preparation issues, the Court held a telephonic conference call with the parties on January 14, 2020. During that call, the Court detailed its concern that Agbodjogbe's claims for relief in his Counterclaim may fail as a matter of law because of his inability to produce evidence on the issue of damages. After the call, the Court ultimately decided that permitting Al-Sabah to file a Motion for Summary Judgment on Agbodjogbe's Counterclaim was appropriate. ECF 212 at 1-2. Recognizing that the Court may only consider summary judgment *sua sponte* under Rule 56(f)(3) if the party that judgment may be entered against is provided adequate notice, the Court reasoned that "Agbodjogbe has long had the opportunity to demonstrate a genuine issue of material fact by disclosing his damages calculations, and the evidence supporting those calculations, during and after discovery." *Id.* at 1. The Court, however, provided for an expedited briefing period, "[i]n the interest of allowing Agbodjogbe to fully defend the merits of his claims." *Id.* at 1-2.

## II. LEGAL STANDARDS

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to

3

show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348-49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## III. ANALYSIS

Al-Sabah makes two primary arguments. First, she argues that a plaintiff (or counter-plaintiff) must prove actual damages to establish a *prima facie* case of negligent misrepresentation, requiring summary judgment in her favor of Count I of the Counterclaim.

4

ECF 216-1 at 2.  Second, because Agbodjogbe cannot put forward evidence on the issue of damages, he cannot establish the value of any benefit he allegedly conferred on Al-Sabah, requiring summary judgment on both Counts II and III.  *Id.* at 3.  Agbodjogbe argues that all of his claims survive his inability to produce evidence on the issue of damages because he may recover nominal damages on all of his claims for relief.  ECF 218-1 at 3.  Agbodjogbe prevails only as to Count III.

First, Al-Sabah correctly argues that Agbodjogbe must prove actual damages to establish a *prima facie* negligent misrepresentation claim.  *See Peroti v. Williams*, 258 Md. 663, 671 (1970) ("[A]ctual damages are a prerequisite for liability in negligence cases, and nominal damages, or 'technical liability' do not exist.").  Indeed, in a case with a strikingly similar procedural posture to this one, United States District Judge Richard D. Bennett of this Court granted summary judgment in favor of a plaintiff on the defendant's negligent misrepresentation counterclaim because the defendant was barred from offering damages evidence as a discovery sanction.  *See Capital Ctr., LLC v. Wilkinson*, No. RDB-04-182, 2006 WL 827375, at *12 (D. Md. Mar. 27, 2006).  Agbodjogbe therefore cannot create a genuine issue of material fact as to an "essential element of his negligent misrepresentation claim[]," making summary judgment in Al-Sabah's favor appropriate as to Count I of the Counterclaim.  *See id.*

Second, Agbodjogbe's assertion that he can recover nominal damages for his unjust enrichment claim in Count II is incorrect as a matter of law.  In Maryland, the plaintiff (or, in this case, the counter-plaintiff) bears the burden to establish all three elements of his unjust enrichment claim, which includes proving the value of the benefit conferred upon the defendant/counter-defendant.  *See Bank of Am. Corp. v. Gibbons*, 173 Md. App. 261, 268 (2007) (quoting *Plitt v. Greenberg*, 242 Md. 359, 364 (1966)).  Agbodjogbe appears to allege that the

5

benefit conferred upon Al-Sabah is the value of his real estate investment services. ECF 85, ¶¶ 57-62. If Agbodjogbe cannot provide evidence as to the value of those services, then he cannot prevail on his unjust enrichment claim as a matter of law. *See Adams v. Kelley*, No. 29, Sept. Term, 2016, 2017 WL 944290, at *10, *12 (Md. Ct. Spec. App. Mar. 10, 2017) (affirming a trial court's entry of judgment in the defendant's favor on the plaintiff's unjust enrichment claim because there was no way "that the court could measure the alleged . . . benefit to the [defendants]"); *see also Hartness v. Nuckles*, 475 S.W.3d 558, 564 (Ark. 2013) (applying an unjust enrichment standard that requires proof of "value of the benefit conferred upon the party unjustly enriched," and affirming a judgment against the plaintiff on his unjust enrichment claim because he put forward "no evidence regarding the amount of [the defendant's] wrongful gain"). Accordingly, summary judgment on Count II of the Counterclaim in Al-Sabah's favor is appropriate. And because a "contract implied in law" is the "same substantive claim" as unjust enrichment in Maryland, summary judgment in Al-Sabah's favor on Agbodjogbe's *quantum meruit* claim in Count III is appropriate, to the extent that it alleges the presence of a contract implied-in-law. *Dolan v. McQuaide*, 215 Md. App. 24, 35-36 (2013); *see also Mogavero v. Silverstein*, 142 Md. App. 259, 276 (2002) (noting that the measure of recovery for an unjust enrichment claim and a *quantum meruit* claim based on an implied-in-law contract are the same).

To the extent that Count III of the Counterclaim alleges a contract implied-in-fact, however, a different situation is presented. In *Dolan*, the Maryland Court of Special Appeals clarified that an implied-in-fact contract is one in which the parties establish the existence of definite terms through their conduct. 215 Md. App. at 36-37. "Despite the fact that no words of promise or agreement have been used, such transactions are nevertheless true contracts . . . ." *Mogavero* 142 Md. App. at 275 (quoting 1 RICHARD A. LORD, WILLISTON ON CONTRACTS § 1.5

(1990)); *see also* Restatement (Second) of Contracts § 4 cmt. a (Am. Law Inst. 1979) (noting that express contracts and implied-in-fact contracts have "no difference in legal effect"). *Quantum meruit* is simply a measure of recovery available in an action for breach of a contract implied-in-fact that seeks the "customary or market price of the [counter-]plaintiff's services." *Dolan*, 215 Md. App. at 37-38.

Agbodjogbe's Counterclaim appears to allege the presence of an implied contract in which he performed real estate investment services for Al-Sabah in exchange for "an ownership interest in the properties and investments at issue," but seeks to recover the value of the services rendered to Al-Sabah. ECF 85, ¶¶ 67-68. Inartful pleading aside, Al-Sabah is correct that Agbodjogbe will not be able to prove whatever damages he seeks. *See* ECF 216-1 at 3; ECF 222 at 1-2. However, Maryland law is clear that the non-breaching party to a contract is entitled to nominal damages. *E.g.*, *Asiben Assoc., Ltd. v. Rill*, 264 Md. 272, 276 (1972). Al-Sabah has not directed this Court to, nor could this Court find, any case law to support the notion that nominal damages are not available for the breach of an implied-in-fact contract. Indeed, since implied-in-fact contracts are the legal equivalent of express contracts, it appears improper to prevent a claimant from receiving nominal damages for the breach of an implied-in-fact contract. *See Mogavero*, 142 Md. App. at 275; *see also Kinetic Energy Dev. Corp. v. Trigen Energy Corp.*, 22 S.W.3d 691, 702-03 (Mo. Ct. App. 1999) (holding that a plaintiff may still get his *quantum meruit* claim submitted to the jury, despite his failure to prove the reasonable value of his services, "where there is evidence that services were performed and accepted, because even if there is a failure of proof as to value, plaintiff is still entitled to the recovery of a nominal amount"); *Bryan Builders Supply v. Midyette*, 274 N.C. 264, 271-72 (1968) (holding that even under a *quantum meruit* theory, a plaintiff establishing liability may recover nominal damages);

*cf.* Restatement (Second) of Contracts § 4 cmt. a.  Summary judgment is therefore inappropriate as to Count III of Agbodjogbe's Counterclaim.  The verdict form will present the question of Al-Sabah's liability for *quantum meruit* to the jury.  The jury will not be asked, however, to award damages.  If the jury finds liability, then this Court will award nominal damages of $1.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 216, is GRANTED IN PART and DENIED IN PART.  A separate implementing Order follows.


Dated: January 19, 2020 /s/
Stephanie A. Gallagher
United States District Judge