IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALIA SALEM AL-SABAH, | * |
| Plaintiff, | * |
| v. | *   Civil Case No. SAG-17-730 |
| JEAN AGBODJOGBE, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Following a jury trial and post-trial motions practice, on April 20, 2020, this Court entered an Amended Order of Judgment in favor of Plaintiff Alia Salem Al-Sabah ("Al-Sabah") against Defendants Jean Agbodjogbe ("Agbodjogbe"), N&A Kitchen, LLC ("N&A Kitchen"), N&A Kitchen II, LLC ("N&A Kitchen II"), 5722 York Road, LLC ("5722 York Road"), and 9 Jewels, LLC ("9 Jewels") (collectively, "Defendants"). ECF 288. About five months later, on September 15, 2020, Agbodjogbe filed a *pro se* notice of appeal. ECF 298. The Fourth Circuit remanded the case to this Court for adjudication of Agbodjogbe's motion for extension of time to file an appeal, ECF 300, which he filed in this Court six days after he filed the notice of appeal. ECF 305 (remand order). In the meantime, Agbodjogbe also filed a motion to stay the enforcement of Al-Sabah's judgment against him, pending appeal. ECF 301. Al-Sabah filed oppositions to the motion for extension and the motion to stay. ECF 302, 304. No replies were timely filed. This Court has reviewed the briefing and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Agbodjogbe's motions will be denied.

I.      **FACTUAL BACKGROUND & ANALYSIS**

This Court presided over a nine-day jury trial commencing on January 21, 2020, at which Agbodjogbe was represented by two attorneys: James Sweeting, III, Esq. and Landon M. White, Esq.[1] The jury returned a verdict in favor of Al-Sabah against each Defendant, in the amount of $7,641,800 in compensatory damages and $1,000,000 in punitive damages. ECF 256. Following post-trial motions, during which Agbodjogbe was represented by his two attorneys, this Court entered an Amended Order of Judgment on April 20, 2020, which reduced the punitive damages award to $250,000 and incorporated an award of attorney's fees in the amount of $3,477.50, making the total judgment $7,895,277.50. ECF 288.

A party is required to file its notice of appeal "with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). That time may be extended under very limited circumstances. "The district court may extend the time to file a notice of appeal if (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Similarly, once it has expired, the time to file an appeal may be reopened, but only under the following stringent conditions: "The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be

---

[1] Both attorneys remain as counsel of record in this case and have not sought to withdraw, despite Agbodjogbe's recent *pro se* filings. In fact, Agbodjogbe served copies of his motion for extension of time on Mr. Sweeting and Mr. White. *See* ECF 300 at 3. However, Agbodjogbe represents in his memorandum that he has retained counsel for some of the enforcement proceedings, who is not admitted to practice in federal court and will not represent him on the appeal. ECF 300-1 at 4.

appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6).

Clearly, Agbodjogbe did not file his notice of appeal timely, on or before May 20, 2020—instead filing many months later on September 15, 2020. He cannot avail himself of the extension provision of Rule 4(a)(5)(A), either, because that 30-day deadline expired on June 19, 2020. Thus, for his appeal to proceed, he must satisfy the three conditions in Rule 4(a)(6), to allow the time for filing an appeal to be reopened. He cannot do so.

Agbodjogbe has not alleged that he did not receive timely notice of the April 20, 2020 amended judgment. *See* ECF 300-1 ¶ 8 ("I have, since the final order in this my case of April 20, 2020, anticipated and believed the Appeal was timely filed by Attorney Sweeting."). Instead, he alleges that he learned on July 13, 2020, that his attorney, Mr. Sweeting, had not filed the appeal as he requested. *Id.* ¶ 10. Even if one were to assume that Agbodjogbe did not learn **of the amended judgment** until July 13, 2020, under Fed. R. App. P. 4(a)(6)(B), he would have had to file the motion for extension within fourteen days, on or before July 27, 2020. Because he did not file his notice of appeal until September 15, 2020 (and his motion for extension six days later), this Court lacks authority to permit the filing of the belated notice of appeal, under any subsection of the Federal Rules of Appellate Procedure.

Further, this Court agrees with Al-Sabah's alternative arguments that Agbodjogbe has not demonstrated excusable neglect or good cause for the belated filing, and that the extension would prejudice Al-Sabah. ECF 302 at 4-5. However, for the reasons described above, this Court need

not reach either issue. Because Agbodjogbe's notice of appeal is untimely, no appeal will ensue. His motion to stay execution of the judgment pending appeal, therefore, will be denied as moot.

## II. CONCLUSION

For the reasons set forth above, Agbodjogbe's Motion for Extension of Time to Appeal, ECF 300, is DENIED, and his Motion to Stay, ECF 301, is DENIED as moot. A separate Order is filed herewith.

Dated: November 9, 2020

/s/
Stephanie A. Gallagher
United States District Judge