**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ALIA SALEM AL-SABAH, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *        Civil Case No. SAG-17-730 |
| | * |
| JEAN AGBODJOGBE, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION</u>

Following a jury trial and post-trial motions practice, on April 20, 2020, this Court entered an Amended Order of Judgment in favor of Plaintiff Alia Salem Al-Sabah ("Al-Sabah") against Defendants Jean Agbodjogbe ("Agbodjogbe"), and a series of corporations he controlled (collectively "the Corporate Defendants"): N&A Kitchen, LLC ("N&A Kitchen"), N&A Kitchen II, LLC ("N&A Kitchen II"), 5722 York Road, LLC ("5722 York Road"), and 9 Jewels, LLC ("9 Jewels"). ECF 288. Almost nine months later, on January 14, 2020, the Corporate Defendants filed the instant motion to extend time to file an appeal, followed soon thereafter by a notice of appeal. ECF 332, 333. The Corporate Defendants also filed a motion to stay the enforcement of Al-Sabah's judgment against them, pending resolution of their motion to extend time and resolution of appeals they had filed. ECF 335. Al-Sabah filed oppositions to both the motion for extension and the motion to stay. ECF 336, 337. No replies were timely filed. This Court has reviewed the briefing and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, the Corporate Defendants' motions will be denied.

I.      **FACTUAL BACKGROUND & ANALYSIS**

This opinion may look largely familiar, as the issues presented in the instant two motions are nearly identical to those that were presented to this Court in a set of previous motions filed by Agbodjogbe, which were denied on November 9, 2020.[1]  ECF 310.  This Court declines to reinvent the wheel in addressing the issues for a second time.

This Court presided over a nine-day jury trial commencing on January 21, 2020, at which Agbodjogbe was represented by two attorneys: James Sweeting, III, Esq. and Landon M. White, Esq.[2]  The jury returned a verdict in favor of Al-Sabah against each Defendant, in the amount of $7,641,800 in compensatory damages and $1,000,000 in punitive damages.  ECF 256.  Following post-trial motions, during which the Defendants were represented by their two attorneys, this Court entered an Amended Order of Judgment on April 20, 2020, which reduced the punitive damages award to $250,000 and incorporated an award of attorney's fees in the amount of $3,477.50, making the total judgment $7,895,277.50.  ECF 288.

A party is required to file its notice of appeal "with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  That time may be extended under very limited circumstances.  "The district court may extend the time to file a notice of appeal if (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time

---

[1] Al-Sabah has filed a Motion for Sanctions seeking attorneys' fees and costs for having to respond to the instant motions, alleging that they are frivolous as duplicative of motions this Court has already denied.  ECF 340.  That motion will be adjudicated on its merits once it becomes ripe.

[2] Both attorneys remain as counsel of record in this case and have not sought to withdraw.  An additional attorney for all defendants, Mohamed M. Bamba, Esq., entered his appearance on November 4, 2020.  ECF 306.   Mr. Bamba did not file the notice of appeal on behalf of the Corporate Defendants for more than two months after entering his appearance, despite the fact that the deadline for filing had already long expired.

prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Similarly, once it has expired, the time to file an appeal may be reopened, but only under the following stringent conditions: "The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6).

Clearly, the Corporate Defendants did not file their notice of appeal timely, on or before May 20, 2020—instead filing many months later on January 15, 2021. They cannot avail themselves of the extension provision of Rule 4(a)(5)(A), either, because that 30-day deadline expired on June 19, 2020. Thus, for their appeal to proceed, they must satisfy the three conditions in Rule 4(a)(6), to allow the time for filing an appeal to be reopened. They cannot do so.

The Corporate Defendants have not alleged that they failed to receive timely notice of the April 20, 2020 judgment. In fact, Agbodjogbe, who controlled the Corporate Defendants, specifically acknowledged that he did. *See* ECF 300-1 ¶ 8 ("I have, since the final order in this my case of April 20, 2020, anticipated and believed the Appeal was timely filed by Attorney Sweeting."). Instead, he alleges that he learned on July 13, 2020, that his attorney, Mr. Sweeting, had not filed the appeal as he requested. *Id.* ¶ 10. Even if one were to assume that Agbodjogbe did not learn **of the amended judgment** until July 13, 2020, under Fed. R. App. P. 4(a)(6)(B), the Corporate Defendants would have had to file the motion for extension within fourteen days, on or

before July 27, 2020.  Because they did not file their notice of appeal until nearly six months later, this Court lacks authority to permit the filing of the belated notice of appeal, under any subsection of the Federal Rules of Appellate Procedure.

Apparently recognizing the above situation (which this Court explained in detail when denying Agbodjogbe's motions), the Corporate Defendants suggest that this Court should equitably toll the filing deadline and allow their appeal to proceed.  ECF 332.  However, the Fourth Circuit has expressly rejected that course of action:

> [Fed. R. App. P.] 4(b)'s deadline is not jurisdictional. Instead, Rule 4(b) is a nonjurisdictional claim-processing rule. *See United States v. Hyman*, 880 F.3d 161, 162 (4th Cir. 2018) ("[T]he late filing of a notice of appeal does not deprive the Court of subject matter jurisdiction[.]"). That means that Rule 4(b)'s time limit, unlike a jurisdictional rule, may be waived or forfeited if it is not timely raised. *See id.; see also Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17-18 (2017) (describing distinction between jurisdictional rules and nonjurisdictional claim-processing rules). But here, of course, there has been no waiver; the government promptly moved to dismiss Marsh's appeal on timeliness grounds, and Marsh does not contend otherwise.
>
> The fact that Rule 4(b)'s time limit is not jurisdictional, however, does not by itself mean that a late filing can be excused, even for good cause — like a district court's Rule 32(j) error.  That is because some claim-processing rules are "mandatory," meaning that they are "unalterable if properly raised by an opposing party." *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714, 203 L. Ed. 2d 43 (2019) (internal quotation marks and citations omitted). And, critically, it is clear, that Rule 4(b) falls into this "mandatory camp," *id.*; we held as much in *Hyman, see* 880 F.3d at 162, and the Supreme Court later agreed, *see Manrique v. United States*, 137 S. Ct. 1266, 1271, 197 L. Ed. 2d 599 (2017) (declining to decide whether Rule 4(b) is jurisdictional but holding that the filing of "a timely notice of appeal . . . is at least a mandatory claim-processing rule"). **It follows that once properly raised, we must "strictly apply" Rule 4(b)'s deadline,** *Hyman*, **880 F.3d at 163: As the Supreme Court has instructed, claim-processing rules in the "mandatory camp" are "not susceptible [to] equitable approach[es]," like equitable tolling, that otherwise might forgive a late filing.** *Lambert*, **139 S. Ct. at 714.**

*United States v. Marsh,* 944 F.3d 524, 529–530 (4th Cir. 2019) (emphasis added).

Because the Corporate Defendants' notice of appeal is untimely, and the equitable tolling doctrine is patently inapplicable, no appeal of the judgment will ensue.  The Corporate Defendants do have a timely appeal of this Court's denial of their Rule 60(b) motion.  However, they have not cited to any rule or case law suggesting that this Court is required to stay enforcement of its judgment pending their appeal of that denial.[3]  To the contrary, Federal Rule of Civil Procedure 60 expressly provides that a motion made pursuant to that Rule "does not affect the judgment's finality or suspend its operation."  *See* Fed. R. Civ. P. 60(c)(1)-(2).  An appeal of a denial of relief pursuant to that Rule, then, also should not affect the execution of an otherwise valid judgment. The Corporate Defendants' motion to stay execution of the judgment pending adjudication of this motion for extension and their appeals, therefore, will also be denied.

## II.      CONCLUSION

For the reasons set forth above, the Corporate Defendants' Motion for Extension of Time to Appeal, ECF 332, and their Motion to Stay, ECF 335, will be DENIED.  A separate Order is filed herewith.

Dated:  February 26, 2021                                            /s/
                                                                                Stephanie A. Gallagher
                                                                                United States District Judge

---

[3] At best, the Corporate Defendants suggest that a Maryland court potentially might have discretion to stay the judgment pursuant to Maryland Rule 2-632(c).  ECF 335-1.  While this Court concurs with Al-Sabah's reasoning as to why that rule would be inapplicable in this context, ECF 337 at 5-8, to the extent this Court would have such discretion, it would decline to exercise it for the same reasons it denied the Rule 60(b) motion.