IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALIA SALEM AL-SABAH, | * |
| | * |
|     Plaintiff, | * |
| | * |
| v. | *   Civil Case No. SAG-17-730 |
| | * |
| JEAN AGBODJOGBE, *et al.*, | * |
| | * |
|     Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Alia Salem Al-Sabah ("Al-Sabah") filed two motions for sanctions, seeking an order that Defendants Jean Agbodjogbe ("Agbodjogbe"), N&A Kitchen, LLC ("N&A Kitchen"), N&A Kitchen II, LLC ("N&A Kitchen II"), 5722 York Road, LLC ("5722 York Road"), and 9 Jewels, LLC ("9 Jewels"), and their counsel, Mohamed M. Bamba, Esq., jointly and severally pay her reasonable expenses for responding to two motions filed by Defendants. ECF 340, 343. Defendants filed an opposition to the first motion for sanctions, ECF 344, and Al-Sabah filed a reply, ECF 345. Defendants did not respond to the second motion. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Defendants' motions for sanctions will be granted in part, and sanctions in the amount of $2,000 will be imposed.

**I.      FACTUAL BACKGROUND**

Following a jury trial, an amended judgment in the amount of $ 7,895,277.50 was entered on April 20, 2020 against Agbodjogbe and the four corporate defendants, which are wholly controlled by Agbodjogbe. ECF 288. Defendants did not appeal the amended judgment prior to the appeal deadline. Current defense counsel, Bamba, entered his appearance for all defendants well after that deadline, on November 4, 2020. On November 9, 2020, this Court entered a

Memorandum Opinion and Order denying Agbodjogbe's extension of time to file an appeal, and his motion to stay the execution of the judgment pending disposition of the appeal.  ECF 310, 311.  Four days later, on November 13, 2020, Agbodjogbe filed a motion to set aside the judgment pursuant to Rule 60(b), ECF 313, followed by another motion to stay enforcement of the judgment pending disposition of the motion.  ECF 319.  This Court denied both motions on December 14, 2020.  ECF 327, 328.  Agbodjogbe filed a timely notice of appeal of the Rule 60(b) determination.  ECF 329.  That appeal remains pending.

On January 14, 2021, the four corporate defendants, still represented by Bamba, filed their own motion for extension of time to appeal the original amended judgment entered on April 20, 2020, arguing that the deadline for their appeal should be equitably tolled.  ECF 332.  Al-Sabah's opposition to the motion noted that on January 26, 2016, she had served Bamba with a motion for sanctions, in which she explained that his equitable tolling argument contravened binding Fourth Circuit precedent and asked that he withdraw the motion.  ECF 345 at 3.  Bamba did not withdraw the motion, and in fact, on that same date, filed a third motion to stay execution of the judgment pending the adjudication of his motion for extension of time to appeal (and any resulting appeal).  ECF 335.  Because the motions were not withdrawn, Al-Sabah filed oppositions to both motions, in which she cited the governing Fourth Circuit precedent establishing that equitable tolling did not apply in this context.  ECF 336, 337.  Bamba and the Defendants did not reply to either of her oppositions.  After waiting the requisite twenty-one days, Al-Sabah filed two motions for sanctions: the first seeking sanctions for filing the motion for extension of time to appeal in contravention of the Fourth Circuit precedent; and the second seeking sanctions for the third motion to stay execution of the judgment.  ECF 340, 343.  Defendants and Bamba filed an opposition to the first sanctions motion, ECF 344, but not the second.  On February 26, 2021, this

Court denied the corporate defendants' motion for extension of time to appeal and their motion to stay execution, because "the equitable tolling doctrine is patently inapplicable" according to the binding Fourth Circuit precedent.  ECF 341.

## II.     LEGAL STANDARDS

Rule 11 is intended "to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts."  *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990).  The "proper inquiry in ruling on Rule 11 motions is whether a reasonable attorney in like circumstances would believe his actions to be factually and legally justified. If the actions of an attorney or a party fail to meet this standard, an award of sanctions is mandatory under the rule."  *Artco Corp. v. Lynnhaven Dry Storage Marina, Inc.*, 898 F.2d 953, 956 (4th Cir. 1990) (internal citations and quotations omitted).

Rule 11 provides that by signing and filing a pleading, counsel "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  Rule 11 requires an attorney to conduct a "reasonable investigation of the factual and legal basis for his claim."  *Brubaker v. City of Richmond*, 943 F.2d 1363 (4th Cir. 1991).  A legal argument violates Rule 11 where it has "absolutely no chance of success under the existing precedent."  *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (quoting *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998)).

Any party making a motion for Rule 11 sanctions must first serve the opposing party with the motion, allowing 21 days after service for the challenged "paper claim, defense, contention, or denial" to be withdrawn.  Fed. R. Civ. P. 11(c)(2).  The Court may impose an appropriate sanction

on the attorney or party responsible for the violation of the rule, and any "order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." Fed. R. Civ. P. 11(c)(1), (6). Any sanction imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and may include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

### III. ANALYSIS

The sanctionable violation here is the filing of two motions without performing a reasonable inquiry leading to a belief that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Where the basis of the sanctions is subsection 11(b)(2), monetary sanctions cannot be imposed against the corporate defendants, who are represented parties. Fed. R. Civ. P. 11(c)(5)(A). Such sanctions can, however, be imposed against Bamba as counsel, who has not articulated any legal justification to counter the Fourth Circuit precedent cited by Al-Sabah despite multiple opportunities. He did not file a reply in support of his motion for extension of time to refute Al-Sabah's opposition. He did not cite any legal authority or reasoning in his opposition to the first sanctions motion, instead espousing the unsupported position that "no existing case law shows that the corporate Defendants' argument for excusable neglect had no chance of winning." ECF 344 at 4. And he did not even file an opposition to the second sanctions motion. At no juncture, then, did Bamba explain to the Court his belief that his equitable tolling argument could prevail in light of *United States v. Marsh*, 944 F.3d 524, 529-30 (4th Cir. 2019) (determining that mandatory claim-processing rules are not

4

susceptible to equitable approaches like equitable tolling) and *United States v. Hyman*, 880 F.3d 161, 163 (2018) (determining that Fed. R. App. P. 4 is a mandatory claim-processing rule).

While most attorneys who conducted research on equitable tolling would have found the Fourth Circuit precedent that bound this Court's decision, even assuming that Bamba did not locate it during his own investigation, he was advised of its existence by Al-Sabah on January 26, 2021. At that point, Bamba had a duty to withdraw his motion if he could not reasonably argue that his position was "warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing" it. *See* Fed. R. Civ. P. 11(b)(2). To date, he has not provided any such reasonable argument, making sanctions appropriate.[1]

That said, Al-Sabah seeks compensation for her expenses in replying to the two sanctionable motions and in filing her own motions for sanctions, plus presumably her one reply. ECF 340, 343. Even without requesting and receiving the billing records from Al-Sabah's counsel for their efforts, this Court is confident that the total amounts of those bills would well exceed the amount that would likely deter Bamba from repeating his conduct. In a prior motion for attorneys' fees in connection with this case, ECF 169, Al-Sabah's counsel sought fees in the amount of $3,477.50 in connection with preparing and filing a single response to an objection, and that sum resulted from a significantly reduced hourly rate for both attorneys. The fees for preparing and filing two oppositions in connection with the corporate defendants' motions, plus preparing and filing two sanctions motions, would likely be much higher. This Court is not inclined, then, to force Al-Sabah to spend time preparing and submitting a fee petition, knowing that its ultimate

---

[1] His opposition asserts that "sanctions against the Defendant corporations would be unjust considering no existing case law shows that the corporate Defendants' argument for excusable neglect had no chance of winning." ECF 344 at 4. This conclusory assertion fails to address the Fourth Circuit's binding precedent expressly rejecting the contention that the appeal filing deadline can be equitably tolled.

award will be lower because the amount will exceed that likely to effect deterrence under Fed. R. Civ. P. 11(c)(4). Accordingly, this Court will impose sanctions against Bamba in the amount of $2000, representing $1,000 for each sanctionable motion he filed and did not withdraw, to be awarded to Al-Sabah as partial compensation for the attorneys' fees she incurred in responding and seeking sanctions.

## IV.   CONCLUSION

For the reasons set forth above, Al-Sabah's Motions for Sanctions, ECF 340, 343, are GRANTED IN PART, and sanctions in the amount of $1000 per motion will be awarded, for a total award of $2,000 to be paid by Defendants' counsel, Mohamed M. Bamba, Esq. A separate implementing Order is filed herewith.


Dated:  April 14, 2021                                                            /s/
                                                                   Stephanie A. Gallagher
                                                                   United States District Judge