IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALIA SALEM AL-SABAH, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Case No. SAG-17-730 |
| | * |
| JEAN AGBODJOGBE, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Jean Agbodjogbe ("Agbodjogbe") has filed the latest in a long series of motions and appeals seeking relief from a multi-million-dollar judgment entered against him after a jury trial in 2020. ECF 369. The instant motion seeks relief due to "fraud on the Court." *Id.* Plaintiff Alia Salem Al-Sabah ("Al-Sabah") has opposed the motion and has filed her own motion for prefiling injunction to stop Agbodjogbe from further efforts at overturning the judgment. ECF 370. Agbodjogbe filed a reply and declaration. ECF 371. This Court has reviewed all of the filings and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth herein, both motions will be denied, although this Court will order that Plaintiff need not respond to any future motions filed by Agbodjogbe in this case absent a specific court order to do so.

Federal Rule of Civil Procedure 60(d)(3) permits this Court to "set aside a judgment for fraud on the court." Its application is narrow and is "confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court . . . is directly impinged." *Great Coastal Express, Inc. v. Int'l Bhd. Of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982). Agbodjogbe has not alleged any facts amounting to fraud on the court. Instead, he alleges that his attorneys had a conflict of interest because of their

representation of his wife and subsequently made poor tactical decisions, suggesting that they were intentionally working "with an opponent against the defendant." ECF 369 at 3–4. He also cites the later disbarment of his second-chair attorney for reasons unrelated to this case, as grounds for believing some malfeasance occurred. *Id.* (citing *Att'y Grievance Comm'n of Maryland v. White*, 480 Md. 319, 334 (2022)).

As the Fourth Circuit explained in *Fox ex rel. Fox v. Elk Run Coal Co., Inc.*, 739 F.3d 131 (4th Cir. 2014):

> [I]n *In re Genesys Data Technologies, Inc.*, we recognized that "[c]ourts and authorities agree that fraud on the court must be narrowly construed" or it would "subvert the balance of equities" contained within Rule 60(b)(3). 204 F.3d 124, 130 (4th Cir. 2000) (internal quotation marks omitted). "Because the power to vacate a judgment for fraud upon the court is so free from procedural limitations, it is limited to fraud that seriously affects the integrity of the normal process of adjudication." *Id.* (internal quotation marks omitted). We therefore held that "[f]raud between parties" would not be fraud on the court, "even if it involves [p]erjury by a party or witness." *Id.* (internal quotation marks omitted).

Essentially, Agbodjogbe alleges that a conflict developed between himself and his wife, Nandi Agbodjogbe ("Nandi"), who were both originally represented by the same attorneys. Unbeknownst to him, their attorneys encouraged his wife, Nandi, to speak with Al-Sabah in private to secure her own dismissal from the case. He posits that at that point, the attorneys were working with Al-Sabah and that their subsequent tactical decisions he does not agree with were in effort to assist Al-Sabah's case, resulting in an unfair presentation of the evidence to the Court.

The events Agbodjogbe describes amount to the type of "fraud between parties" referenced in *Fox*. In other words, even assuming the attorneys' presentation of the case were skewed by a conflict of interest,[1] similar to a case in which the presentation is impacted by a witness's perjury,

---

[1] Agbodjogbe offers no non-speculative evidence of a conflict of interest. It could be that counsel were able to procure Nandi's dismissal as a defendant consistent with their ethical obligations to both clients, without any negative impact on the case against Agbodjogbe himself. Nobody has

2

the normal process of adjudication ensued and the factfinding process itself was uncompromised. While the facts alleged are of the nature that Agbodjogbe might assert in a complaint against his former counsel for their performance, they in no way impact the integrity of this Court or the jury that returned a verdict against him. The judgment will therefore not be set aside.

While this Court is cognizant of Agbodjogbe's multitude of attempts to overturn the judgment in this matter, resulting in great expense to Al-Sabah, it does not yet agree that a pre-filing injunction is warranted. Instead, this Court believes that there is an alternative way to protect Al-Sabah from unnecessary expense while preserving Agbodjogbe's access to the courts. Should Agbodjogbe file any further motions contesting the judgment in this case, Al-Sabah need not respond to them absent a Court order requiring such a response. Should the motions, like this one, prove meritless, this Court can address them without Al-Sabah incurring any attorney's fees.

For the reasons set forth above, Agbodjogbe's Motion for Relief from Judgment Due to Fraud on the Court, ECF 369, is DENIED. Al-Sabah's Motion for Prefiling Injunction, ECF 370, is also DENIED, although this Court will order that Al-Sabah need not respond to any future motions filed by Agbodjogbe in this case absent specific order of this Court to do so.  A separate implementing Order is filed herewith.

Dated: August 16, 2023                                   /s/
                                              Stephanie A. Gallagher
                                              United States District Judge

---

proffered the content of the conversation between Nandi and Al-Sabah to suggest otherwise. And Agbodjogbe offers nothing besides speculation that the tactical decisions he now questions with 20/20 hindsight derived from some improper relationship between his attorneys and Al-Sabah.